NANCY A. HILL v. B. F. DAVIS et al.

*Trust Deed— Preference of Claim.*

Where an insolvent trustor set out in his deed certain claims, which he
described, to be paid in full, and declared that the reason he did
not include in the list a note held by plaintiff for the balance due
on land was that it was already secured, but directed the trustee
to make settlement of the same " without discount," and the note
was really not secured as trustor thought: *Held,* that there was
an express trust in favor of the plaintiff, and its efficacy was not
destroyed because the trustor was mistaken as to the debt being
already secured.

CIVIL ACTION, tried at Spring Term, 1894, of SURRY Superior Court, before *Whitaker, J.,* upon complaint and demurrer *ore tenus,* for the recovery of $500 balance due on the purchase of land for which a deed had been given and no lien retained, and for a sale of the land in satisfaction of a debt.

It appeared from the complaint that the defendant B. F. Davis, in a deed of assignment for benefit of creditors, provided for the payment of certain claims, and added, " The following creditors are not included in the above enumeration, for that their claims are secured and referred to as existing encumbrances: M. R. Gay, $135 ; Craddock & Terry, $275 ; Nancy A. Hill, $500 ; and the trustee is authorized and directed to make settlement of the same without discount." The plaintiff's claim consisted of two notes aggregating $500 given for the purchase of land which had been conveyed by her to B. F. Davis, no mortgage or other security being taken for the same.

The plaintiff prayed for judgment on the notes, and " that the said judgment be declared a lien on the tract of land fully described in this complaint as for the balance of the purchase-money yet due thereon. And that the land be sold by a commission," etc.

His Honor gave judgment on the notes, but refused to order a sale of the land to satisfy the same, and plaintiff appealed.

*Mr. R. L. Haymore*, for plaintiff (appellant).
No counsel, *contra.*

PER CURIAM: The deed in trust explicitly authorizes and directs the trustee to settle the claim of the plaintiff " without discount." Here is an express trust in favor of the plaintiff, and its efficacy is not destroyed because the trustor was mistaken in believing that the claim was already secured. It was clearly his intention that this claim should be preferred, at least to the extent of the value of the land which constituted its consideration. While the plaintiff was not entitled to the specific relief asked, there was sufficient in the complaint to have warranted a judgment declaring that the claim of the plaintiff was secured in the deed, and that it should be paid by the trustee as directed.

Reversed.